UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

IN RE KENNETH M. MITAN,

                            Civil Action No. 06-15114
        Debtor,                     Bankruptcy No. 03-71601

KENNETH M. MITAN,              Hon. Bernard A. Friedman

        Appellant,
v.

CHARLES J. TAUNT, TRUSTEE,
        Appellee.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S SEPTEMBER 29, 2005
ORDER DENYING DEBTOR'S DISCHARGE**

    **I.**      **Introduction**

    Debtor, Kenneth Mitan, is appealing from a September 29, 2005 Bankruptcy Court

Order Denying Debtor's Discharge ("2005 Order"), entered in connection with the Trustee,

Charles Taunt's, Motion for Summary Judgment on his Complaint to Bar the Debtor's

Discharge. The Bankruptcy Court reinstated its September 29, 2005 Order in an October 30,

2006 Order.

    **II.**      **Facts**

    The District Court reviews the Bankruptcy Court's findings of fact for clear error, and its

conclusions of law *de novo*. Fed. R. Bankr. Proc. 8013. Accordingly, after review of the record

before the Bankruptcy Court to ensure that clear error was not made, the following facts are

relayed as found by the Bankruptcy Court:

        . . . On May 13, 2004, Taunt filed this complaint to deny Mitan's

discharge.

        The record establishes that Mitan has failed to appear for two regularly scheduled first meetings of creditors. The original first meeting of creditors was scheduled for April 7, 2004. Mitan did not appear for this meeting. Due to Mitan's failure to appear, the meeting was continued to April 21, 2004. The continuation was announced on the record at the time of the originally scheduled first meeting of creditors. On April 8, 2004, Taunt mailed correspondence to Mitan at three separate addresses, advising Mitan of the new date. The correspondence was also copied to Mitan's counsel of record at the time, Jeffrey A. Kopczynksi. Neither Mitan nor anyone on his behalf appeared at the meeting on April 21, 2004.

        Mitan alleges, without proof, that he attempted to contact Taunt to inform him that he would not be present at the meeting. Mitan alleges that his failure to appear was because he was incarcerated at the time of the meetings. However, Mitan has provided no evidence in support of this allegation.

        The record also establishes that Mitan has refused to make any meaningful attempt to respond to Taunt's written requests for records and information. On September 3, 2004, after being advised of an address in California where Mitan would receive mail, Taunt sent a letter to Mitan requesting specific documents. Mitan elected to litigate whether and which documents must be produced. Mitan asserts that he does not have to respond to said requests for various reasons, including improper service. Taunt has yet to receive any of the requested documentation.

        Mitan has had some minimal communication with Taunt. However, he has refused to produce any of the documentation requested by Taunt, has not allowed himself to be examined at the first meeting of creditors, and has continually failed to provide any documentation that might permit Taunt to determine Mitan's financial condition.

2005 Order, pp. 2-3.

Mitan's statement of facts in his present motion differs slightly from the facts as recounted by the Bankruptcy Court. The Bankruptcy Court found that Mitan alleged that he did not attend the creditors' meetings because he was incarcerated. Mitan now alleges that he was incarcerated between May 26, 2004 and August 12, 2004. This incarceration was well after the April 7 and April 21 creditors' meetings, and does not provide justification for Mitan's absence from the meetings. In addition, Mitan alleges that he cannot produce the requested documents because his personal papers were seized by the Louisiana authorities. However, he does not provide evidence of such seizure, nor an inventory list, or even the date of the alleged seizure.

Mitan's allegations are not considered for purposes of this motion because 1) they attempt to introduce evidence that was not provided to the Bankruptcy Court, without explanation as to why such evidence could not have been provided to the Bankruptcy Court, and 2) they are unsubstantiated.

### III.     Analysis

Pursuant to 11 U.S.C. § 727(a), the court must grant discharge to a chapter 7 debtor unless one or more of the specific grounds for denial of a discharge exists.  The trustee bears the burden of proving an objection to discharge.  <u>Barclays/Am. Bus. Credit, Inc. v. Adams (In re Adams)</u>, 31 F.3d 389, 393-94 (6th Cir. 1994).  Furthermore, 11 U.S.C. § 521(3) imposes a duty on the debtor to cooperate with the trustee to enable the trustee to perform the trustee's duties.  The debtor's cooperation is a prerequisite to granting a discharge.  <u>In re McDonald</u>, 25 B.R. 186, 189 (Bankr. N.D.Ohio 1982).

The Bankruptcy Court denied Mitan's discharge on three grounds: 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(1)(4)(D) and 11 U.S.C. § 727(a)(6)c.

### Notice of the Creditors' Meetings

Mitan alleges that he did not attend the creditors' meetings because he did not have knowledge of them.  The Bankruptcy Court points out that notice was sent to multiple addresses on record, including Mitan's attorney of record.  Mitan had an obligation to ensure that the trustee and the courts could locate him.  The courts should be able to assume that the address on record is one at which a party is guaranteed to be available.

Mitan claims that his failure to attend the two scheduled Meetings of Creditors is because of lack of notice.  He claims that he did not receive such notice, that his attorney of record was no longer his attorney, and that his attorney of record refused to communicate with him.  As

stated above, notice of the hearings was sent to three separate addresses for Mitan, including Mitan's counsel of record.

Federal Rule of Civil Procedure 5(b)(2)(B), made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 7005, states that service can be made by "[m]ailing a copy to the last known address of the person served. Service by mail is complete on mailing." Mitan does not dispute that such mailing occurred. There was no indication that Mitan had changed his address with the Clerk of the Court, so the Court presumes that Mitan was aware of the proceedings. Mitan was properly served with notice.

### Section 727(a)(3)

Section 727(a)(3) that the Court shall grant the debtor a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

The Bankruptcy Court explained that "this section requires the debtor to 'provide the trustee or creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present.'" Bay State Milling Co. v. Martin (In re Martin), 141 B.R. 986, 995 (Bankr. N.D.Ill. 1992).

The Bankruptcy Court found that the Trustee had established that Mitan "turned over absolutely no documentation." Mitan's only argument on appeal is that the Trustee had knowledge that his documents were allegedly in possession of the Louisianna authorities. This argument is without merit. The Trustee filed his Complaint to Bar Discharge before Mitan's

alleged incarceration.  Additionally, the Meeting of the Creditors was scheduled to take place before Mitan's alleged incarceration.  Finally, Mitan has still failed to provide any evidence whatsoever of the seizure of his documents by the Louisianna authorities.

The Bankruptcy Court's decision to deny Mitan's discharge pursuant to 11 U.S.C. §727(a)(3) is proper and will be upheld.

**Section 727(a)(4)(D)**

Section 727(a)(4)(D) provides that a discharge shall be denied a debtor who "knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information. . . relating to the debtor's property or financial affairs."

As the Bankruptcy Court noted, "[t]he focus of § 727(a)(4)(D) is on the debtor's duty to maintain and turn over recorded information which bears upon the debtor's financial condition and business affairs." Gold v. Guttman (In re Guttman), 237 B.R. 643, 650 (Bankr.E.D.Mich. 1999).  The Trustee has established that Mitan has not turned over any documentation.  Mitan does not dispute this point.  As explained above, Section 521(3) imposes a duty upon Mitan to cooperate with the Trustee to enable the Trustee to perform his duties.  Rather than cooperate, Mitan refused to turn over documents, alleged that they were confiscated after the Meeting of Creditors, and then demanded formal discovery proceedings rather than comply with his obligations.  The Court's denial of Mitan's discharge pursuant to 11 U.S.C. § 727(a)(4)(D) is appropriate.

**Section 727(a)(6)c**

Under section 727(a)(6)c), a Mitan's discharge must be denied if he has refused to obey any lawful order of the court.  The burden of proof is on the trustee to show that there has been a

violation of a lawful order of the court warranting denial of the discharge. Fed. R. Bankr. P. 4005. The Bankruptcy Court found that the Trustee met his burden by proving that Mitan failed to appear at two meetings for creditors, and denied Mitan's discharge on these grounds.

Mitan states that he eventually requested that these meetings be rescheduled in a motion filed with the Bankruptcy Court, which the Bankruptcy Court denied. This motion is not contained in the file, the Bankruptcy Court does not reference it in its opinion, and Mitan does not attach it to his pleadings. Either way, though, this allegation in Mitan's brief is irrelevant, as he had already failed to appear at two previous meetings.

## IV.    Order

Mitan failed to attend two Meetings of Creditors and failed to provide relevant documents to the Trustee. Such behavior warrants the Court's refusal to grant Mitan a discharge.

Accordingly,

IT IS ORDERED that the Bankruptcy Court's September 29, 2005 Order Denying Debtor's Discharge is AFFIRMED.

```
                                        ___s/Bernard A. Friedman ___
Date:  May 10, 2007                     BERNARD A. FRIEDMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE
```

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

_____/s/ Patricia Foster Hommel_____
**Patricia Foster Hommel**
**Secretary to Chief Judge Friedman**